**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO ANTONIO LOPEZ RIVAS; ALESSANDRA ELIZABETH LOPEZ OLANO; ANDREA CELESTE LOPEZ OLANO; JOSUE ISAIAS LOPEZ OLANO; ESMERALDA ALESSANDRA OLANO PORTILLO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  23-997 <br><br> Agency Nos. <br> A209-802-849 <br> A209-802-851 <br> A209-802-852 <br> A209-802-853 <br> A209-802-850 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued & Submitted November 15, 2024
San Francisco, California

Before:  S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL, District
Judge.**

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Petitioners Francisco Antonio Lopez-Rivas, his wife, Esmeralda Alessandra Olano-Portillo, and their three children petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of their motion to reconsider the denial of asylum. We deny the petition for review as to both asylum and the removal order. We remand the voluntary departure claim for the agency's consideration in the first instance. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the parties are familiar with the history of the case, we need not recount it here.

I

Where, as here, the BIA affirmed but did not adopt the IJ's decisions, we review only the BIA's decision. *Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009). Where the BIA's order "attribute[s] significant weight to the Immigration Judge's findings, we 'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.'" *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quoting *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000)).

"A motion to reconsider addresses whether an IJ made errors of law or fact." *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). We review the BIA's denial of a motion to reconsider for abuse of discretion. *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). "The BIA abuses its discretion when it acts arbitrarily,

2

irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)). We review factual findings for substantial evidence, and questions of law de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). A particular social group's social distinction is a question of fact, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020), as is a persecutor's motive, *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021).

To be eligible for asylum, the petitioners must establish they are "unable or unwilling to return to El Salvador because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (cleaned up); *see also* 8 U.S.C. § 1101(a)(42)(A). "Absent evidence of past persecution, [an applicant] must establish a well-founded fear of future persecution by showing both a subjective fear" and "an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citation omitted). The subjective prong is proven, as the IJ found it was here, with credible testimony of the applicant's fear. *See Parada*, 902 F.3d at 909. The objective prong can be established with "credible, direct, and specific evidence in the record of facts that would support a reasonable

3

fear of persecution." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999)). Petitioners must show that a protected ground "was or will be at least one central reason" for persecution. 8 U.S.C. § 1158(b)(1)(B)(i).

Lopez-Rivas claimed three protected grounds would be "at least one central reason" for future persecution: (1) petitioners' Evangelical Christian faith; (2) Lopez-Rivas's proposed particular social groups of "Taxi Drivers in Gang-Held El Salvadoran Territories" and "Christian Taxi Drivers;" and (3) Lopez-Rivas's wife and children's proposed particular social group based on membership in Lopez-Rivas's family. The BIA did not abuse its discretion in affirming the IJ's findings that petitioners had not established an objectively reasonable well-founded fear of persecution on account of any of these claimed grounds.

First, MS-13 initially targeted Lopez-Rivas with demands that he help the gang because his reputation as a Christian would help avoid police detection, and threatened him with death when he refused. However, the demands and threats stopped a few months later once he offered to pay extortion instead, and he did not receive another threat until he stopped paying approximately two years later. That last threat included no mention of or connection to Lopez-Rivas's religion. Because the religion-based motive did not persist alongside the extortion-based

4

motive, and Lopez-Rivas presents no evidence that the religion-based motive would reemerge if he returned to El Salvador, Lopez-Rivas has not established that religion would likely be "one central reason" for MS-13 to harm him in the future. *See Manzano v. Garland*, 104 F.4th 1202, 1206–07 (9th Cir. 2024) ("We have defined a 'central reason' as 'a reason of primary importance to the persecutors, one that is essential to their decision to act.'") (quoting *Rodriguez Tornes v. Garland*, 993 F.3d 743, 751 (9th Cir. 2021)); *see also Corpeno-Romero v. Garland*, 120 F.4th 570, 580–82 (9th Cir. 2024) (articulating "one central reason" standard in mixed motive cases). The BIA therefore did not abuse its discretion in affirming the denial of the motion to reconsider the IJ's denial of asylum based on this ground.

Second, the BIA found that Lopez-Rivas did not establish that his taxi-driver–related proposed particular social groups were socially distinct, and Lopez-Rivas failed to address that determination in his opening brief. He therefore waived review of this dispositive issue. *Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (holding that petitioner "has waived review of the Board's discretionary denial of asylum because he did not contest this aspect of the Board's decision in his opening brief"); *see also Diaz-Torres v. Barr*, 963 F.3d 976, 980–82 (9th Cir. 2020) (denying petition for review where petitioner failed to prove social

5

distinction and therefore could not prove the nexus element of the persecution claim).

Third, the BIA did not abuse its discretion in affirming the IJ's finding as to the proposed particular social group based on family membership. Repeating his argument from his motion to reconsider, Lopez-Rivas contends that the IJ ignored the family membership argument. The BIA squarely rejected this, finding that the IJ had addressed the argument and affirming the IJ's finding of no well-founded fear on this ground. We conclude that the underlying IJ decision contains sufficient support for the BIA's determination.

II

Remand of Lopez-Rivas's challenge to the removal order against him is not warranted, as he conceded removability before the agency. Lopez-Rivas contends that "the sole charge of removability" against him—inadmissibility under 8 U.S.C. § 1182(a)(7)(a)(i)(I)—is invalid because it is inconsistent with the construction of the statute under current circuit law.[1] Under *Torres v. Barr*, 976 F.3d 918, 926 (9th Cir. 2020) (en banc), "§ 1182(a)(7) applies only when a noncitizen lacks a valid entry document," and the noncitizen "actually submits an application for entry into the United States." This provision therefore does not apply as a ground of

[1] The other members of the Lopez-Rivas family were charged under a different portion of 8 U.S.C. § 1182 not affected by *Torres v. Barr*.

6

inadmissibility where, as here, a noncitizen has not submitted an application. *Id.* at 924, 926–27. *Torres* was issued while Lopez-Rivas's appeal was pending at the BIA, and he did not raise this claim before the agency. We need not decide whether he was required to exhaust the claim, however. Remand and rescission of the removal order is not warranted because Lopez-Rivas conceded removability.

III

Lopez-Rivas contends that the IJ violated due process by not informing the petitioners of the potential recourse of voluntary departure. Under law applicable at the time, the petitioners were not eligible for voluntary departure, so there was no due process violation. However, after the IJ decision, we clarified that when, as in this case, an NTA does not specify the time and date of the hearing, the NTA does not mark the end of the period of continuous physical presence required for the grant of voluntary departure. *See Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021); *Gonzales-Lara v Garland*, 104 F.4th 1109, 1115–16 (9th Cir. 2024). Because, pursuant to that change in the law, the petitioners would now satisfy the continuous physical presence requirement, we remand the question of voluntary departure to the agency for its consideration in the first instance.

## IV

In conclusion, we **DENY** the petition for review as to asylum and the challenge to the removal order, and **REMAND** the voluntary departure claim to the BIA for its consideration in the first instance.  Each party shall bear their or its own costs.

**PETITION DENIED IN PART;  REMANDED IN PART.**